<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWINA FRANKLIN,<br><br>               Plaintiff,<br><br>v.<br><br>THE JERSEY CITY HOUSING AUTHORITY, SECRETARY, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT<br><br>               Defendants. | Civil Action No. 23-2002 (SDW) (CLW)<br><br>**OPINION**<br><br>March 26, 2024 |

**WIGENTON**, District Judge.

      **THIS MATTER** having come before this Court upon *pro se* Plaintiff Edwina Franklin's ("Plaintiff") Second Motion for Default Judgment (D.E. 31 ("Motion")) against Defendant the Jersey City Housing Authority ("the JCHA") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2); and

      **WHEREAS** Plaintiff filed her Complaint against the JCHA (D.E. 1) on April 5, 2023. She then filed an Amended Complaint (D.E. 9) on May 3, 2023. On June 20, 2023, Plaintiff obtained an entry of default against the JCHA for failure to plead or otherwise respond. To date, the JCHA has not filed an answer or otherwise defended itself in this action; and

      **WHEREAS** on September 20, 2023, Magistrate Judge Waldor entered an order to consolidate this action with *Franklin v. Secretary, Department of Housing and Urban Development*, 2:23-cv-20357-SDW-CLW. As a result, Plaintiff filed her Consolidated and Amended Complaint against the JCHA and Defendant Secretary, Department of Housing and

Urban Development ("HUD") in this action on October 17, 2023, (D.E. 17), and she filed proof of service upon the JCHA (D.E. 20) on November 7, 2023. The Consolidated and Amended Complaint alleges violations of the Fair Housing Act and the Equal Credit Opportunity Act by the JCHA and HUD. (*See generally* D.E. 17); and

**WHEREAS** the Third Circuit has clearly stated that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) (quoting 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 2682 (2007)); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521, n.1 (3d Cir. 2006) (same); and

**WHEREAS** Plaintiff's Motion fails for the same reason articulated in this Court's January 23, 2024 opinion (D.E. 27) dismissing her first Motion for Default Judgment. At the time Plaintiff filed her Motion, an entry of default against the JCHA had not yet been issued under Rule 55(a). Because Plaintiff filed a Consolidated and Amended Complaint against the JCHA *after* this Court entered a default against the JCHA for failure to plead or otherwise respond, she must request a default against the JCHA from the Clerk's Office again before she can move for default judgment. Accordingly, this Court will dismiss Plaintiff's Motion; therefore

Plaintiffs' Motion is **DISMISSED** without prejudice. An appropriate order follows.

       /s/ Susan D. Wigenton  
       **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk  
cc:     Parties  
        Cathy L. Waldor, U.S.M.J.