**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWINA FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>THE JERSEY CITY HOUSING AUTHORITY, SECRETARY, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT<br><br>Defendants. | Civil Action No. 23-2002 (SDW) (CLW)<br><br>**OPINION**<br><br>June 17, 2024 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Edwina Franklin's ("Plaintiff") Third Motion for Default Judgment (D.E. 37 ("Motion")) against Defendant Jersey City Housing Authority ("JCHA") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2) and JCHA's Motion to Vacate Default entered against it on April 1, 2024; and

**WHEREAS** Plaintiff filed a Complaint against JCHA (D.E. 1) on April 5, 2023 and an Amended Complaint (D.E. 9) on May 3, 2023. On September 20, 2023, Magistrate Judge Waldor entered an order to consolidate this action with *Franklin v. Secretary, Department of Housing and Urban Development*, 2:23-cv-20357-SDW-CLW. As a result, Plaintiff filed her Consolidated and Amended Complaint against JCHA and Defendant Secretary, Department of Housing and Urban Development ("HUD") in this action on October 17, 2023, alleging violations of the Fair Housing Act and the Equal Credit Opportunity Act by JCHA and HUD. (*See generally* D.E. 17.) Thereafter, Plaintiff filed proof of service upon JCHA on November 7, 2023, (D.E. 20). The Clerk

of the Court entered default as to JCHA on April 1, 2024 for its failure to plead or otherwise respond. On May 15, 2024, counsel for JCHA notified this Court of its intent to oppose Plaintiff's Motion. (D.E. 38); and

**WHEREAS** Federal Rule of Civil Procedure 55(c) provides that a court may "set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). In deciding whether to vacate a default, a court must consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). This Court disfavors resolving disputes by default, and "the standard for setting aside a default is less stringent than for setting aside a default judgment." *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 601 (D.N.J. 2003) (citing *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir.1982)); and

**WHEREAS** this Court is satisfied that there is good cause to vacate the entry of default against JCHA and allow this dispute to be resolved on the merits. First, Plaintiff will not be significantly prejudiced if the order is vacated. Default was entered as to JCHA on April 1, 2024, but Plaintiff has not obtained a default judgment. While JCHA failed to promptly respond to service of the Consolidated and Amended Complaint, JCHA's delay would not impede Plaintiff's ability to conduct discovery and litigate her claims. Second, JCHA has articulated a viable defense to Plaintiff's claims—namely, that the JCHA's denial of Plaintiff's request to permit her to use the mortgage she received under the HOPE VI program to buy a second home was based on the terms of the mortgage and note, and not on any discriminatory animus. (D.E. 41-1 at 4–6.) Finally, although JCHA admits that it "overlooked" Plaintiff's service of the Consolidated and Amended Complaint, its initial failure to properly respond to Plaintiff and defend its interests in this action

were not intentional or due to any culpable conduct. (*Id.* at 6.) Examining the record as a whole, this Court concludes that the circumstances support granting JCHA's Motion to Vacate Default; and

WHEREAS because the Entry of Default against JCHA is vacated, Plaintiff's Motion is denied as moot; therefore

JCHA's Motion to Vacate Default is **GRANTED**.  Plaintiffs' Motion is **DENIED**.  This Court grants JCHA thirty (30) days from the filing of this Order to file an answer, motion, or other responsive pleading.  An appropriate order follows.

        /s/ Susan D. Wigenton
    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
      Cathy L. Waldor, U.S.M.J.