<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

August 16, 2024

Edwina Franklin
29 Harkfort Road
Newark, DE 19702
*Pro Se Plaintiff*

Andrew Boccio
Assistant United States Attorney
U.S. Attorney's Office
District of New Jersey
970 Broad Street
Room 700, 7th Floor
Newark, NJ 07102
*Counsel for Defendant Secretary, U.S. Department of Housing and Urban Development*

Robert C. Neff, Jr.
Wilson Elser
7 Giralda Farms
Suites 100/110
Madison. NJ 07940
*Counsel for Defendant Jersey City Housing Authority*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

Re:   *Franklin v. The Jersey City Housing Authority, et al.*, Civil Action No. 23-2002 (SDW)(CLW)

Litigants:

This matter comes before the Court upon Defendant Secretary, Department of Housing and Urban Development's[1] ("HUD") Motion to Dismiss (D.E. 26 ("Motion") *pro se* Plaintiff Edwina Franklin's ("Plaintiff") Consolidated and Amended Complaint ("CAC") for lack of subject matter

---
[1] The Secretary of Housing and Urban Development and the agency itself are considered the same party for the purpose of this opinion.

jurisdiction and failure to state a claim. For the reasons set forth below, HUD's Motion is granted and Plaintiff's claims as to HUD are dismissed with prejudice.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In June 2012, Plaintiff received a twenty-year mortgage for $110,000 from Jersey City Housing Authority ("JCHA") as part of a homebuying program administered independently by JCHA and funded by HUD. (D.E. 26-1 at 9, 14–15.) As required by the Housing Act, 42 U.S.C. § 1437z-4(i), JCHA set loan terms at its own discretion. (*Id*. at 14, 22.) Under the mortgage's terms, Plaintiff would not incur monthly payments or interest, but she would be required to repay a portion of the mortgage if she sold the home within the mortgage's twenty-year term. (*Id*.)

In August 2020, Plaintiff requested JCHA to allow her to sell her two-story house and to move to a one-story home, because of "her limitations due to aging and an existing handicap." (D.E. 17 at 8.) To avoid losing her funding, Plaintiff asked JCHA to waive its recapture requirement even though she had not yet owned the home for twenty years. (D.E. 26-1 at 15.) JCHA denied the request. (D.E. 17 at 9.) In October 2020, Plaintiff filed a complaint with HUD's Fair Housing Equal Opportunity office ("FHEO"), alleging violations of her civil rights and the Fair Housing Act ("FHA") by JCHA. (*Id*.) FHEO closed the complaint, finding that "the issue . . . does not fall within this Office's jurisdiction. This is a program issue, not a violation of the [FHA]." (*Id.* at 10.) Plaintiff resubmitted her complaint on July 15, 2022, but it was closed by HUD as untimely.[2] (*Id*.)

On October 17, 2023, Plaintiff filed the CAC against both HUD and JCHA. (D.E. 17.) Plaintiff brings two claims against HUD, alleging that HUD failed to investigate Plaintiff's complaints in violation of the FHA and her right to procedural due process. (*Id.* at 9–12, 17, 27.) Plaintiff also alleges that HUD's policies allow JCHA to discriminate against certain homebuyers in violation of the FHA and Equal Credit Opportunity Act ("ECOA"). (*Id.* at 16–17.)[3] On January 22, 2024, HUD filed the present Motion pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). (D.E. 26.) On February 23, 2024, Plaintiff filed a brief in opposition to HUD's Motion. (D.E. 32.) On March 1, 2024, HUD filed a reply. (D.E. 33.)

II. **LEGAL STANDARDS**

**A. Motion to Dismiss Pursuant to Rule 12(b)(1)**

Rule 12(b)(1) mandates dismissal of a case for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the court that subject matter jurisdiction exists. *Kehr Packages, Inc. v.*

---

[2] 42 U.S.C. § 3610(a)(1)(A)(i) sets a one-year statute of limitations for administrative complaints.

[3] Plaintiff does not clearly state her claims in the CAC. In light of Plaintiff's *pro se* status, this Court construes the CAC as bringing claims under the FHA and ECOA as well as procedural due process and seeking injunctive and monetary relief. Plaintiff also accuses HUD of failing to evaluate the constitutionality of the JCHA program and "arbitrarily conclud[ing]" that JCHA did not violate the FHA. (D.E. 17 at 5, 11.) This Court need not address the merits of this claim as Plaintiff's CAC as to HUD will be dismissed for the reasons stated in this opinion.

*Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).  In evaluating a Rule 12(b)(1) motion to dismiss, the court must determine whether the motion attacks the complaint as deficient on its face, or whether the motion attacks the existence of subject matter jurisdiction in fact, apart from any pleadings.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

In this case, Defendant HUD "facially attack[s] the Court's jurisdiction over the Complaint." (D.E. 26-1 at 9.)  "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891).  Thus, in reviewing the question of subject matter jurisdiction, this Court must consider only the allegations of the CAC and any documents attached to or referenced by it.  *Id.*

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss.  *Id*.  "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted).

In reviewing a complaint, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).  Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are considered.  *Oshiver v. Levin*, *Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citation omitted).

### III. <u>DISCUSSION</u>

#### A. Plaintiff Has Failed to Show that this Court Has Subject Matter Jurisdiction

HUD argues that it enjoys sovereign immunity from suit and therefore this Court lacks subject matter jurisdiction. (D.E. 26-1 at 10.) Because HUD has not waived sovereign immunity, the claims against HUD are dismissed accordingly.

Under the doctrine of sovereign immunity, an agency of the federal government may not be sued without its consent.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  Because "the existence of consent is a prerequisite for jurisdiction," if consent is not waived, a court lacks subject matter jurisdiction.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (citation omitted).

"Congress waives the sovereign immunity of federal agencies by enacting statutes that contain sue-and-be-sued clauses." *Gloucester Twp. Hous. Auth. v. Franklin Square Assocs.*, No. 12-953, 2013 WL 3990820, at *4 (D.N.J. Aug. 2, 2013) (collecting cases.)  Three statutes are relevant here:  Section 1404a of the Housing Act, the FHA, and the ECOA.

The Housing Act provides a limited waiver of HUD's sovereign immunity:  "[HUD] may sue and be sued only with respect to its functions under the United States Housing Act of 1937, as amended."  42 U.S.C. § 1404a.  In the Third Circuit, the only cases in which courts have found a waiver of immunity by HUD involved HUD's alleged breach of a contract to which it was a party. *See e.g., Gloucester Twp.*, 2013 WL 3990820, at *5 ("Congress has waived HUD's sovereign immunity with respect to the contract."); *Sec. Sav. Bank, SLA v. Dir., Off. of Thrift Supervision*, 798 F. Supp. 1067, 1074 (D.N.J. 1992).  Plaintiff has pled no direct contractual relationship with HUD.  Therefore, she cannot sue HUD under the Housing Act.

Similarly, the ECOA provides a limited waiver of sovereign immunity, but it does not apply here.  The ECOA "waive[s] the sovereign immunity of the United States, permitting suits against the Government for discrimination in the provision of credit."  *Ordille v. United States*, 216 F. App'x 160, 164 (3d Cir. 2007).  Plaintiff, however, fails to allege that HUD discriminated against her in the provision of credit as HUD did not lend Plaintiff money, so HUD's sovereign immunity is not waived.  Lastly, the FHA does not waive sovereign immunity as it does not provide a private right of action to sue HUD for failure to investigate potential FHA violations.  *See Delgado v. Morris Cnty. Hous. Auth.*, 2018 WL 5962478, at *4 (D.N.J. 2018) (citing *Turner v. Sec'y of U.S. Dep't of Hous. & Urb. Dev.*, 449 F.3d 536, 540 (3d Cir. 2006).

HUD also asserts that Plaintiff lacks standing to sue under Article III.  (D.E. 26-1 at 20.)  Because Plaintiff has not satisfied the elements of standing, the CAC is thereby dismissed.

Article III of the Constitution limits the jurisdiction of federal courts to resolving "Cases" or "Controversies."  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016), *as revised* (May 24, 2016) (citing U.S. Const. art. III § 2).  "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."  *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).  To establish standing, a plaintiff must prove three elements:  (i) a plaintiff suffered an "injury in fact"[4] that is "concrete and particularized"[5] and "actual or imminent, not conjectural or hypothetical"; (ii) that the injury is fairly traceable to the challenged action of the defendant; and (iii) that the injury is likely to be redressed by a favorable judicial decision.  *Spokeo*, 578 U.S. at 338–39 (citations omitted).

First, the alleged failure to investigate Plaintiff's civil rights claims amounts, at best, to a procedural violation, not a concrete injury.  Such a procedural violation, even if found to have

---

[4] An "injury in fact" is "an invasion of a legally protected interest."  *Spokeo*, 578 U.S. at 339.

[5] A "concrete" injury means "it must actually exist," and it is "real" and not "abstract."  *Spokeo*, 578 U.S. at 340.  A "particularized" injury means the injury must affect the plaintiff in "a personal and individual way."  *Id.* (citation omitted).

occurred, does not confer standing. *See Spokeo*, 578 U.S. at 341. Second, Plaintiff's alleged injury cannot be traced to HUD as it stems from JCHA's denial of her request for a waiver of JCHA's recapture policy. 42 U.S.C. § 1437z-4(i) requires HUD to allow entities discretion in setting their lending terms, so HUD must allow JCHA to set its own recapture policy. 42 U.S.C. § 1437z-4(i). Thus, HUD did not and could not cause Plaintiff injury. Finally, Plaintiff's request for injunctive relief cannot be redressed by a favorable judicial decision against HUD. Plaintiff seeks to amend the terms of Plaintiff's mortgage. (D.E. 17 at 29.) Even if this Court rules against HUD, it is not able to alter the terms of Plaintiff's mortgage, which is set solely by JCHA.

### B. Plaintiff Fails to State a Claim

Plaintiff also fails to state a claim as to HUD upon which relief may be granted. Plaintiff claims that HUD violated the anti-discrimination provisions of the FHA and ECOA when it permitted JCHA to deny her request for a recapture policy waiver and then failed to investigate her allegations. However, the alleged conduct is insufficient to state a claim. As discussed previously, the FHA does not provide a private cause of action against HUD. *Marinoff v. U.S. Dept. of Hous. and Urban Dev.*, 892 F. Supp 493, 496 (S.D.N.Y. 1995), *aff'd*, 78 F.3d 64 (2d Cir. 1996). Although the ECOA allows for suit between a creditor and debtor, Plaintiff does not allege that such a relationship exists between herself and HUD. *See Ordille*, 216 F. App'x at 164. Plaintiff therefore fails to state a claim under either statute.

Plaintiff also brings claims of violations of her civil rights and procedural due process and seeks only monetary damages from HUD. However, there is no cause of action available in this case for monetary damages from federal agencies. *Meyer*, 510 US 471 at 486. Plaintiff therefore fails to state a claim against HUD upon which relief may be granted.

### IV. CONCLUSION

For the reasons set forth above, HUD's Motion is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.[6] An appropriate order follows.

                                                          /s/ Susan D. Wigenton  
                                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk  
cc: Parties  
     Cathy L. Waldor, U.S.M.J.

---

[6] This Court expresses no opinion on whether Plaintiff's claims against Defendant Jersey City Housing Authority ("JCHA") would survive a Motion to Dismiss by JCHA.